UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAUL HOLIDAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03840-JPH-MJD |
| | ) | |
| WEXFORD HEALTH CARE SERVICES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING SERVICE OF PROCESS**

**I.
Screening Standard**

The plaintiff is a prisoner currently incarcerated at Pendleton Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

1

## II.
## The Complaint

The complaint alleges that Dr. Paul Talbot discontinued the plaintiff's pain medication and switched him to an ineffective medication in order to save Wexford Health Care Services ("Wexford") money. He further alleges that Dr. Talbot has not provided him with orthopedic footwear. Both treatments have been prescribed for the plaintiff by numerous doctors due to chronic neuropathy he experiences in his foot after being wounded by a gunshot and undergoing foot surgery in 2010.

## III.
## Discussion of Claims

The allegations in the complaint are sufficient to plausibly assert a claim of deliberate indifference under the Eight Amendment against Dr. Talbot and a Monell policy claim against Wexford. Those claims therefore **shall proceed**. This summary of claims includes all the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through December 11, 2019,** in which to identify those claims.

## IV.
## Service of Process

The clerk is **directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. The **clerk is directed** to send a courtesy copy of the service documents to Douglass R. Bitner.

**SO ORDERED.**

Date: 11/19/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PAUL HOLIDAY
134027
PENDELTON CORRECTIONAL FACILITY
Inmate Mail/Parcels
Electronic Service Participant – Court Only

Dr. Paul Talbot, medical employee
PENDELTON CORRECTIONAL FACILITY
4490 West Reformatory Road
PENDLETON, IN 46064

Wexford of Indiana, LLC
c/o Registered Agent: CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204

Courtesy copy to:

Douglass A. Bitner
Katz Korin Cunningham, P. C.
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204